James COLE, Jr. *v.* STATE of Arkansas

CA CR 99-315                                    6 S.W.3d 805

Court of Appeals of Arkansas
Divisions I and IV
Opinion delivered December 15, 1999
[Petition for rehearing denied January 19, 2000.]

*Montgomery, Adams & Wyatt, PLC*, by: *James W. Wyatt*, for appellant.

*Mark Pryor*, Att'y Gen., by: *James R. Gowen, Jr.*, Asst. Att'y Gen., for appellee.

ANDREE LAYTON ROAF, Judge. James Cole, Jr., was convicted in a bench trial for possession of a controlled substance with intent to deliver and for the possession of drug paraphernalia. Cole was sentenced to forty-two months in the Arkansas Department of Correction on each charge with the sentences to run concurrently. On appeal, Cole contends that the trial court erred in denying his motion to suppress the drugs and paraphernalia found as the fruit of an illegal search. Because Cole failed to preserve the issue, we have no choice but to affirm his conviction without addressing the merits of his argument.

Around 2:15 p.m. on August 28, 1997, Detective Rick Dunaway received a tip from an anonymous caller that a white male would be leaving the Hideaway Club in North Little Rock with approximately three grams of methamphetamine. The caller also stated that the person would be driving an orange Ford Mustang with white racing stripes. Detective Dunaway testified that he and Investigating Officer Vereen arrived at the Hideaway Club and within fifteen minutes of receiving the tip he observed a vehicle matching the description provided by the caller leaving the parking lot.

Dunaway requested a marked police vehicle to perform a traffic stop on this car. Patrolman Darren Archer responded, performed the stop, and placed the driver into the back seat of the patrol car. James Cole was identified as the driver of the vehicle. Dunaway and Vereen proceeded to search the Mustang. Dunaway

found a digital scale under the seat of the vehicle. Archer testified that when Dunaway and Vereen took Cole out of the patrol car and into custody, Archer discovered a plastic bag that was later confirmed to contain methamphetamine. Archer testified that he had searched his own vehicle before placing Cole into the back seat of the patrol car and knew that it was empty. The record reflects that Cole filed a motion to suppress the evidence on April 10, 1998. At the bench trial held on November 2, 1998, Cole orally moved to suppress the evidence and dismiss the charges after the State rested its case; the trial court denied the motion. Cole appeals.

■ The State cites to the case of *Stewart v. State*, 332 Ark. 138, 964 S.W.2d 793 (1998), in support of its contention that Cole failed to preserve the merits of this issue on appeal because he failed either to renew his written motion to suppress at the start of trial or object to the introduction of the evidence when it was offered by the State. In *Stewart*, the supreme court held that it is not necessary to make a contemporaneous objection when the defendant renews a motion to suppress the evidence at the beginning of a bench trial, stating:

> In reaching this conclusion, we are not unmindful of two recent cases where we held that a contemporaneous objection is required in order to preserve for appeal issues that were raised in a motion in limine. *Slocum v. State,* 325 Ark. 38, 924 S.W.2d 237 (1996); *Massengale v. State*, 319 Ark. 743, 894 S.W.2d 594 (1995). We, however, find these cases distinguishable because they involved jury trials, instead of a bench trial as in this case. If a contemporaneous objection is not made at the time the evidence is offered during a jury trial, the proverbial bell will have been rung and the jury prejudiced. *However, when the contested evidence is mentioned during a bench trial, there is no risk of prejudice because a trial judge is able to consider evidence only for its proper purpose.* Similarly, in *Strickland v. State,* 322 Ark. 312, 909 S.W.2d 318 (1995), we held that litigants are not required to make a motion challenging the sufficiency of the evidence during cases tried before the court instead of a jury.

[Emphasis added.]

■ Here, however, there is nothing in the abstract or the record showing that the trial court ever ruled on Cole's written motion to suppress prior to the start of trial. It was not until after the State had introduced its evidence and had rested that Cole made an oral motion to suppress and to dismiss the charges. It is the

responsibility of the appellant to bring forth a record that demonstrates error. Except for a few narrow exceptions, it is well-settled that in order to preserve an issue for appeal the appellant must make an objection contemporaneously with the alleged error. *Stewart v. State, supra* (citing *Smith v. State,* 330 Ark. 50, 953 S.W.2d 870 (1991)). Although a contemporaneous objection is not required in a bench trial in the present circumstances, *Stewart v. State, supra,* strongly suggests that the motion to suppress must at least be orally raised or renewed at the beginning of trial.

The dissenting judges believe that this court can infer that the trial court and counsel agreed prior to trial to have the suppression motion heard simultaneously with the State's evidence, and it certainly appears that such was the case. However, we are not granted the discretion to fill in missing gaps in the record through inference. The State has pointed out this problem in its brief, Cole has not even filed a reply brief, and his counsel had a means to attempt to correct the record but did not do so. *See Hood v. State,* 324 Ark. 457, 920 S.W.2d 854 (1996).

Affirmed.

BIRD, STROUD, and NEAL, JJ., agree.

PITTMAN and JENNINGS, JJ., dissent.

JOHN E. JENNINGS, Judge, dissenting. The majority holds that appellant's argument that he was subjected to an illegal search was not properly preserved and affirms the case on that basis. Because I disagree with the majority's view on this threshold issue, I dissent.

The critical question in my view is whether the trial court agreed to consider the motion simultaneously with the evidence on the merits. *See Stewart v. State,* 332 Ark. 138, 964 S.W.2d 793 (1998). It is clear to me that this is what the trial court did. Prior to trial the appellant filed a motion to suppress based on the illegality of the search. No separate hearing was held on the motion. At trial considerable time was devoted to the basis of and circumstances surrounding the stop of the appellant and the subsequent search. At the close of the evidence appellant again moved to suppress based on the illegality of the search and stated his reasons to the court. The prosecuting attorney responded to the argument on the merits.

He did not argue to the court that the argument had been waived or that the issue had not been sufficiently developed. The trial court then denied the motion to suppress based upon the totality of the circumstances.

From the foregoing it is sufficiently clear to me that the motion to suppress was in fact heard simultaneously with the merits of the case. I would therefore reach the merits of the argument.

PITTMAN, J., joins in this dissent.