Gary Wayne STRICKLAND *v*. STATE of Arkansas

CA CR 02-262                                    94 S.W.3d 376

Court of Appeals of Arkansas
Division I
Opinion delivered December 23, 2002

*Frank Shaw*, for appellant.

*Mark Pryor*, Att'y Gen., by: *Brad Newman*, Ass't Att'y Gen., for appellee.

JOHN B. ROBBINS, Judge. Appellant Gary Wayne Strickland appeals his conviction for possession of marijuana with intent to deliver and revocation of his probation with regard to a drug-related offense. These proceedings were consolidated in a simultaneous bench trial and revocation hearing. On appeal, appellant argues that the trial court erred when it denied his motion to suppress the marijuana found in an apartment in which appellant claimed to live. The State argues that the suppression issue is not preserved for appellate review, or alternatively that appellant's argument has no merit. We affirm.

We first consider whether this point on appeal is preserved for our review, and we conclude that it is. The chronology of events explains our conclusion. On October 15, 2001, a pretrial hearing was conducted, and during that hearing, defense counsel agreed to a consolidated hearing of the trial and revocation but specifically requested that a hearing on his motion to suppress be heard first. The following discussion took place:

> PROSECUTOR: And, Judge, I just ask we take up the revocation, the new charge, and the suppression all at that one hearing will be the easiest way to do it. I would—unless Mr. Shaw's got a problem with it.
>
> DEFENSE COUNSEL: There won't be a problem. There won't be any problem with that. It's — it's just a standard motion to suppress based on the ownership of the residence and the fact that he didn't live there, and it'll be that sort of thing.
>
> THE COURT: Okay. Well, you get her — you get her filed, and we'll take her up.
>
> DEFENSE COUNSEL: Okay.

Appellant filed the motion to suppress on October 25, 2001. The bench trial and revocation hearing were conducted on November 16, 2001.

The evidence presented to the trial judge is summarized as follows. Appellant's probation officer, Dana Otto, was checking on probationers who lived in the Hogan Apartments in Conway, Arkansas, when she observed appellant outside the apartments in a

car. As a probationer, appellant was required to keep law enforcement notified of his address and to permit a probation officer to visit him at his home or elsewhere. Otto stopped to talk to appellant, and appellant informed Otto that he lived there. Otto recalled that on probation reports appellant had a different address in Conway. Otto asked for permission to search the apartment, and appellant gave verbal consent.

Upon entering the apartment, Otto asked where appellant's belongings were, and appellant pointed to the bedroom. Appellant did not have a shirt on, so in compliance with Otto's request to put one on, he retrieved one from a closet in the bathroom, where men's shirts were hanging. A search of the closet followed, which revealed approximately one-fourth pound of marijuana. Appellant told Otto that his girlfriend lived in the one-bedroom apartment.

Appellant's girlfriend, LaTrelle Stafford, showed up at the apartment about forty-five minutes later. Stafford gave a statement to police indicating that appellant "lived with me at my apartment . . . for three months." In her testimony before the trial judge, Stafford stated that appellant "stayed there off and on." Stafford verified, in line with her statement to the police, that appellant kept his belongings in the bathroom closet and that the marijuana found in the closet was not hers. Stafford also stated that her children were adults and that they could visit, but that they did not have a key to her apartment.

After the State had presented its case and rested, appellant asked the trial court to rule on his motion to suppress and also moved to dismiss. Appellant argued that he could not consent to the search of his girlfriend's apartment. The State objected on the basis that the exclusionary rule did not apply to the revocation case and that there was no bad faith on the part of the officers to provide an exception to that rule. As to the substantive crime, the State asserted that appellant either lived in the apartment and possessed authority to consent or did not live there and had no standing to challenge the search. The trial judge denied the motion to suppress, finding that appellant had the apparent authority to con-

sent to the search. The defense then rested. Thereupon, the trial judge found appellant guilty of possession of marijuana with intent to deliver and revoked his probation.

The State submits that appellant failed to renew his motion to suppress at the beginning of the trial and hearing, and that this failure results in a waiver of this issue on appeal. Generally speaking, in order to preserve an issue for appeal, the appellant must make an objection contemporaneously with the alleged error. *Smith v. State*, 330 Ark. 50, 953 S.W.2d 870 (1997). The supreme court has specifically addressed preservation of a suppression issue when the evidence is presented in a bench trial. If a motion to suppress is orally renewed at the beginning of a bench trial, and the trial court agrees to consider the motion to suppress at the same time it considers the evidence, there is no risk that the court will be unfamiliar with the nature of the objection. *Stewart v. State*, 332 Ark. 138, 964 S.W.2d 793 (1998). Under these circumstances, a contemporaneous objection is not required in order to preserve the issue for appeal. *See id.* The State argues that appellant's failure to strictly comply with *Stewart v. State, supra*, results in failure to preserve the issue. We disagree with the State.

In the present appeal, it was at the State's suggestion in a pretrial hearing that the motion to suppress be considered at the consolidated trial and hearing, the trial judge agreed to take the issue up at that time, and defense counsel agreed. There was no risk that the trial judge was unfamiliar with the nature of the objection, and the record demonstrates an agreement to consider the motion with the evidence. We hold that what transpired in pretrial accomplished what the holding in *Stewart v. State, supra*, required. *See also Cole v. State*, 68 Ark. App. 294, 6 S.W.3d 805 (1999) (holding that this same issue was not preserved where there was no evidence of record that the trial court and counsel agreed to have the suppression motion heard simultaneously with the State's evidence).

On the merits, the trial judge did not clearly err in denying the motion to suppress. We review a trial judge's ruling on a motion to suppress by making an independent determination

based upon the totality of the circumstances, and we reverse only if the ruling is clearly against the preponderance of the evidence. *Wright v. State*, 335 Ark. 395, 983 S.W.2d 397 (1998).

Appellant acknowledged to the trial judge that "the exclusionary rule may not apply to probation violations" but argued that it should apply on the substantive charge for which he was being tried. Appellant argues on appeal, as he did to the trial judge, that he did not possess apparent or actual authority to consent to the search of his girlfriend's apartment, such that the evidence gained in that search should have been suppressed.[1] The State counters that appellant either (1) did not live at the apartment and thus had no expectation of privacy to protect by the Fourth Amendment, or (2) had apparent authority to permit the officers to search.

The consent justifying a search and seizure can only be given to search premises "by a person who, by ownership or otherwise, is apparently entitled to give or withhold consent." Ark. R. Crim. P. 11.2 (2002). The pertinent question is whether the one giving consent possesses common authority or other sufficient relationship to the premises. *Grant v. State*, 267 Ark. 50, 589 S.W.2d 11 (1979).

Appellant argues that his consent must be analyzed as a third-party consent, citing to *Goodman v. State*, 74 Ark. App. 1, 45 S.W.3d 399 (2001). Appellant's effort to claim himself as a "third party" as in *Goodman v. State, supra*, is misplaced. Third-person authority may be based upon the fact that the third person shares with the absent target of a search a common authority over, general access to, or mutual use of the place or object sought to be inspected under circumstances that make it reasonable to believe that the third person has the right to permit the inspection in his own right and that the absent target has assumed the risk that the

---

[1] We do not consider appellant's argument on appeal that the officer's bad faith would render the exclusionary rule applicable to the probation revocation because this argument was not raised to the trial court nor ruled upon. One may not change the grounds for an objection or motion on appeal, but is instead bound by the scope and nature of the argument made at trial. *Ayers v. State*, 334 Ark. 258, 975 S.W.2d 88 (1998).

third party may grant this permission to others. *United States v. Matlock*, 415 U.S. 164 (1974). The present appeal does not have an absent target, as Ms. Stafford was not subject to an unlawful search nor were her personal Fourth Amendment rights affected. *See also Hillard v. State*, 321 Ark. 39, 900 S.W.2d 167 (1995). The present appeal concerns *appellant*'s consent to enter a residence that he claimed as his own and *appellant*'s consent to search his personal effects, resulting in *appellant* being charged with possession of the contraband.

Viewing the totality of the circumstances, we cannot say that the trial court erred in finding that appellant had apparent authority to consent to the search. Even though Officer Otto expressed surprise at appellant's claim to live in the apartment, it was appellant who represented himself to be a resident. Appellant was subject to visits by probation officers as part of his probation conditions. The officers followed appellant into the apartment with his verbal consent, appellant pointed to the bedroom as containing his things, he obtained a shirt from the bathroom closet that contained men's clothing, the officers asked appellant if he kept his personal belongings there, appellant answered in the affirmative, and the search that followed led to him being charged. We cannot conclude that the trial judge clearly erred in finding the officer's search valid based upon appellant's representations.

Affirmed.

GRIFFEN and CRABTREE, JJ., agree.