SLIP OPINION

Cite as 2015 Ark. App. 662

# ARKANSAS COURT OF APPEALS

DIVISION I
No. CR-15-141

| | | |
|---|---|---|
| JAMES MIKEL REEP | | **Opinion Delivered** November 18, 2015 |
| | APPELLANT | |
| | | APPEAL FROM THE SALINE COUNTY CIRCUIT COURT [NO. 63CR-14-444-2] |
| V. | | |
| STATE OF ARKANSAS | | HONORABLE GARY ARNOLD, JUDGE |
| | APPELLEE | |
| | | AFFIRMED |

### RAYMOND R. ABRAMSON, Judge

James Mikel Reep appeals his conviction of driving while intoxicated ("DWI"), fourth offense, from the Saline County Circuit Court. He argues that the circuit court erred in denying both his motion to suppress and his motion for directed verdict. We affirm.

On May 20, 2014, Reep and his attorney, Tim Parker, appeared before Judge Robert Herzfeld for a divorce hearing along with Reep's ex-wife, Stephanie Reep, and her attorney, Tammy Gattis. At the hearing, Stephanie testified that the parties' estrangement resulted primarily from Reep's alcoholism. Following Stephanie's testimony, Gattis called Reep to the stand and questioned him about his alcoholism. Specifically, Gattis asked Reep when was the last time he had a drink. Reep answered that he had "four or five beers left over . . . from a thirty pack" the night before the hearing. Gattis then asked Reep how he had arrived at the courthouse, and Reep testified that his lawyer had driven him. Gattis contested that Reep rode with his lawyer and asked him again if he had driven his car. Reep replied, "Oh, no. My

SLIP OPINION

motorcycle."

At that point, Judge Herzfeld cautioned Reep not to commit perjury. Specifically, Judge Herzfeld stated, "Sir, don't lie to me and tell me you rode here with your lawyer. That is . . . you are perjuring . . . listen, listen. I'm not going to put up with this. I'll put you in jail if you lie to me again." At that point, Parker informed the court that he had picked up Reep at the large courthouse in Saline County and driven him to the small courthouse where the hearing was being held. Gattis then asked Reep whether he had driven his motorcycle to the large courthouse, and Reep admitted that he did and that his attorney had picked him up from there. Reep also admitted that he did not have a driver's license as a result of having three DWIs.

Gattis then questioned Reep about his employment, and Reep responded that he worked at Birchtree. Judge Herzfeld then asked him more questions about his employment, and Reep admitted that he had actually taken a leave absence from Birchtree and had not worked there since December or January. He stated that he had to take a leave of absence because someone had smelled alcohol on his breath while he was working. Judge Herzfeld then asked Reep, "If I gave you a breathalyzer right now, what would you blow?" Reep responded, "Hopefully, nothing." Then, Parker—Reep's attorney—stated that Reep was "intoxicated" and that they "need[ed] to test him now because he's sitting there giving testimony." The court stopped the testimony and ordered that Reep be taken to the jail for a breathalyzer test.

Officer Aaron Parsons transported Reep to the county jail in his patrol car. Officer

Parsons activated his patrol car's audio-and-video recording device, which documented his and Reep's communications. Officer Parsons read Reep his *Miranda* rights. Reep then told Officer Parsons that he had driven his motorcycle to the courthouse that morning around 8:00 a.m. When they arrived at the jail, Officer Eric Porter performed a blood-alcohol-content ("BAC") test on Reep, and he registered .244. Officer Porter also conducted field-sobriety tests on Reep, which he failed.

Thereafter, on July 16, 2014, the State charged Reep with DWI, fourth offense, and with perjury. On August 13, 2014, Reep filed a motion to suppress the statements he had made to Judge Herzfeld and to the police. He argued that Judge Herzfeld had "conducted an improper investigation" and that pursuant to "the U.S. Constitution, Arkansas Constitution and case law, the statement by [Reep] should be stricken."

The case proceeded to a bench trial on October 31, 2014.[1] At trial, Officer Parsons testified that he transported Reep from the courthouse to the jail and, on the way to the jail, they stopped by Reep's motorcycle. He stated that he touched the motorcycle and that it felt warm. Officer Porter testified that he conducted field-sobriety tests on Reep and that Reep failed them. He further testified that he performed a BAC test on Reep and that Reep registered a .244. The State also introduced the transcript of the divorce proceedings and the DVD recording from Officer Parsons's patrol car.

After the State rested its case, Reep moved for a directed verdict. He asserted that the State presented no evidence that he had driven his motorcycle the morning of the trial. He also moved to suppress his statements to Judge Herzfeld at the divorce proceedings and his

---

[1]The State nolle prossed the perjury charge at the beginning of the trial.

statements to the police in the patrol car. He argued that his due process rights were violated because Judge Herzfeld did not read him his *Miranda* rights. He also argued that the court should have alerted him to plead the Fifth Amendment. The court took the motions under advisement and continued the trial until November 4, 2014.

On that day, the court reconvened and denied Reep's motion for a directed verdict and motion to suppress. The court further found Reep guilty of DWI, fourth offense, and sentenced him to thirty-six months' imprisonment. Reep then filed this timely appeal. On appeal, Reep argues that the circuit court erred in denying his motion for directed verdict and his motion to suppress.

A motion for directed verdict is a challenge to the sufficiency of the evidence, which we consider before any other points on appeal. *Graham v. State*, 2012 Ark. App. 90, 389 S.W.3d 33. We ask whether the verdict is supported by substantial evidence; the evidence may be direct, circumstantial, or some combination of the two. *Dunn v. State*, 371 Ark. 140, 264 S.W.3d 504 (2007). Substantial evidence is evidence that is of sufficient force and character that it will, with reasonable certainty, compel reasonable minds to reach a conclusion and pass beyond suspicion and conjecture. *Kaufman v. State*, 2013 Ark. 126. When the sufficiency of the evidence is challenged, we consider only the evidence that supports the verdict, viewing it in the light most favorable to the State. *LeFever v. State*, 91 Ark. App. 86, 208 S.W.3d 812. Under Ark. Code Ann. § 5-65-103 (Supp. 2015), it is unlawful for any person who is intoxicated to operate or be in actual physical control of a motor vehicle, or for any person to operate or to be in actual physical control of a motor vehicle if at that time

the alcohol concentration in the person's breath or blood was 0.08 or more.

Here, Reep argues that the State presented no evidence that he had driven his motorcycle on the morning of the divorce proceeding. We do not agree. Reep testified at the divorce hearing that he drove his motorcycle to the large courthouse. Further, the dashboard recording shows Reep admitting to Officer Parsons that he drove his motorcycle around 8:00 a.m. on the day of the divorce hearing. Moreover, Officer Parsons testified that he felt Reep's motorcycle before he transported Reep to the jail and the motorcycle felt warm. Accordingly, we hold that the State presented sufficient evidence that Reep drove the motorcycle on the morning of the divorce proceeding.

As to the motion to suppress, Reep's argument is not preserved for our review. Generally, to preserve an argument for appeal, there must be a contemporaneous objection in the circuit court that is sufficient to apprise the court of the particular error alleged. *Cole v. State*, 68 Ark. App. 294, 6 S.W.3d 805 (1999). However, "although a contemporaneous objection is not required in a bench trial . . . a motion to suppress must at least be orally raised or renewed at the beginning of trial." *Id*. at 297, 6 S.W.3d at 807. In *Cole*, the record reflected that, prior to trial, the defendant had filed a motion to suppress. *Id*. At the bench trial after the State rested its case, the defendant orally moved to suppress the evidence and dismiss the charges. *Id*. The circuit court denied the motion. *Id*. On appeal from the denial of the motion to suppress, this court noted that there was nothing in the abstract or the record to show that the circuit court had ruled on the written motion to suppress prior to the start of the trial and that the defendant did not make an oral motion until the State had rested. *Id*.



This court held that "[i]t is the responsibility of the appellant to bring forth a record that demonstrates error." *Id.* at 296–97, 6 S.W.3d at 807.

In this case, as in *Cole*, there is nothing in the record to show that the circuit court ruled on the written motion to suppress prior to the start of the trial, and Reep did not make an oral motion until the State had rested. Accordingly, we hold that Reep's argument concerning his motion to suppress is not preserved for appellate review.

Affirmed.

GLADWIN, C.J., and KINARD, J., agree.

*Ogles Law Firm, P.A.*, by: *John Ogles*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Karen Virginia Wallace*, Ass't Att'y Gen., for appellee.