

# ARKANSAS COURT OF APPEALS

DIVISION II
No. CR-16-340

|  |  |  |
|---|---|---|
| | | **Opinion Delivered** January 25, 2017 |
| A.W. | | APPEAL FROM THE CRAWFORD |
| | APPELLANT | COUNTY CIRCUIT COURT |
| | | [NO. 17JV-15-275] |
| V. | | |
| | | HONORABLE MICHAEL |
| STATE OF ARKANSAS | | MEDLOCK, JUDGE |
| | APPELLEE | |
| | | AFFIRMED |

## BRANDON J. HARRISON, Judge

A.W. appeals his delinquency adjudication based on possession of drug paraphernalia and argues that the State failed to present sufficient evidence to support the adjudication. He also argues that the circuit court erred in denying his motion to suppress a statement given to his principal and a school resource officer. We hold that A.W.'s arguments are not preserved for our review and affirm.

On 17 November 2015, the State filed a petition for adjudication of thirteen-year-old A.W. for possession of drug paraphernalia in violation of Ark. Code Ann. § 5-64-443(a)(1) (Repl. 2005). That subsection provides that a person who possesses drug paraphernalia with the purpose to use the drug paraphernalia to inject, ingest, inhale, or otherwise introduce into the human body a controlled substance is guilty of a Class A misdemeanor. *Id.*

SLIP OPINION

The circuit court held a delinquency hearing on 20 January 2016. Jennifer Feeny, the assistant principal at A.W.'s school, testified that she knew A.W. and that an incident occurred with him on 22 October 2015. Feeny said that she met with A.W. after he had been brought to her office for texting during a school assembly. She explained that she questioned him about what he was texting, which "led to further discussion," and A.W. admitted taking a "medication" from another student. After that admission, Feeny searched A.W.'s backpack and found a plastic Gatorade bottle that had been reconfigured, and A.W. said that it was a bong. Feeny stated that the principal, Mr. Mitchell, was also in the room, but she did not recall whether an officer was also in the room. Feeny testified that A.W. was suspended for eight days. She also said that A.W. was a very good student and that she was surprised to find that in his backpack.

On cross-examination, Feeny confirmed that there is an officer at the school, typically in full uniform, but again said she did not remember if the officer was present on October 22. Feeny also explained that she called A.W.'s mother immediately after talking to A.W. and searching his backpack and that A.W. was not free to leave her office while she was questioning him. After finding the bong, Feeny said, she notified A.W.'s mother and Officer Richison, who is a police officer employed by the Van Buren School District. She also said that she had A.W. write out a statement of what had happened.

On redirect, Feeny explained that the school district has a search policy that allows school officials to search a student's bag if any issue regarding drugs or weapons is raised. She said that the policy is contained in the student handbook that both parents and students sign and return to the school.

SLIP OPINION

Corporal Duane Richison testified that he was the school resource officer at A.W.'s school. He explained that he remembered the incident involving A.W. but did not remember whether he was in the room when A.W.'s backpack was searched. According to Richison, he spoke to A.W. after the drug paraphernalia had been found, and A.W. said that he had smoked marijuana before with that bong. Richison said he could smell burnt residue of marijuana in the bottle and that the bottle had been seized by him and entered into evidence at the police department.

On cross-examination, Richison said he did not believe he asked A.W. any questions prior to his mother's arrival. Richison also confirmed that A.W. was not read his rights while being questioned by the vice principal. Richison said that he was present when A.W. wrote his statement.

The State rested its case, and A.W.'s counsel moved to dismiss, arguing that

> the State has not shown beyond a reasonable doubt that my client is guilty of the possession of drug paraphernalia based on essentially what we claim is inadmissible evidence. So conveniently both the administrator and the officer seem not to remember whether the office[r] was present during this line of questioning that took place in the principal's office. . . . His mother was never called. No *Miranda* was ever given. It's very possible the officer was there in full uniform while all of this was going on. The search took place, there was questioning, there was a written statement, during none that was it—was his mother ever called. . . . Obviously he wasn't free just to get up and walk out, so I do believe it was a custodial situation. . . . His mother wasn't called until after the search, the questioning, the written statement. Judge with that we'd just argue that this is a violation of *Miranda*, violation of his fourth amendment rights. We'd ask that all that evidence be excluded and . . . that you suppress any statements these witnesses have made regarding any of that information. We would renew our motion to dismiss.

The State countered that the school had acted pursuant to its search policy and that A.W. brought the paraphernalia onto school grounds. The motion to dismiss was denied.

3

A.W. testified that on the morning of the incident, Coach Wolfe saw him texting and took him to Officer Richison's office. Richison asked him about the pill he had taken and who he was texting, then took him to Ms. Feeny's office. A.W. said that Ms. Feeny, the principal, and Officer Richison were in the office at the time of the search. A.W. stated that they never asked if he wanted to have his mother present and never read him any sort of rights. He said that he wrote out a statement because they told him to. On cross-examination, the State introduced the statement and asked A.W. to read it aloud. In the statement, A.W. said that the Gatorade bottle/bong belonged to another boy and that he (A.W.) was "holding it for him." A.W. confirmed that the bottle was in his backpack and that he knew it was used to smoke weed.

A.W.'s counsel renewed the motion to dismiss "on grounds that [the] State hasn't been able to show its case beyond a reasonable doubt based on lack of admissible evidence." Counsel urged that "[s]chool administrators were used as an agent of law enforcement and it's in violation of [my] client's rights."

The court found that A.W. was delinquent as defined by the juvenile code based on possession of drug paraphernalia. As to A.W.'s statement, the court stated,

> [I]t doesn't appear that there's any evidence before the Court that that statement was used by anyone for any purpose except for the school as it was actually written after the search. The Court finds the questioning was shown to be not initiated by law enforcement and not persuaded that there was law enforcement involved as far as initiating the questioning. There's no testimony or evidence that that was part of the process. There's no evidence here that there's coercion as a result of the presence of the law enforcement officer other than the arguments here. And that presences [sic] alone of law enforcement is not enough to implicate State action that would require *Miranda*. The Court finds the school has an absolute right to conduct searches for protection of students and there's no showing here that any of this search was as a result of officer action or State action.

Via a written order entered 21 January 2016, A.W. was placed on six months' probation and required to comply with the terms of that probation, as well as complete twenty hours of community service. A.W. has timely appealed the adjudication to this court.

While a delinquency adjudication is not a criminal conviction, it is based on an allegation by the State that the juvenile has committed a certain crime. *A.D. v. State*, 2015 Ark. App. 35, 453 S.W.3d 696. Our standard of review is the same as it would be in a criminal case, that is, whether the adjudication is supported by substantial evidence. *Id*. Substantial evidence is evidence, direct or circumstantial, that is of sufficient force and character to compel a conclusion one way or the other, without speculation or conjecture. *Id*. In considering the evidence presented below, we will not weigh the evidence or assess the credibility of witnesses, as those are questions for the fact-finder. *Id*.

For his first point, A.W. argues that the circuit court erred in denying his motion to dismiss. He asserts that there was no evidence that he possessed the drug paraphernalia with the intent to use it for entering a controlled substance into his body. However, A.W. did not make this argument below; at the hearing, A.W.'s counsel argued that A.W.'s statement should be suppressed and that there was insufficient evidence due to a lack of admissible evidence. Counsel never asserted to the circuit court that a relevant portion of the statute had not been proved. This court will not consider arguments raised for the first time on appeal; thus, a party cannot change the grounds for an objection on appeal and is bound by the scope and nature of his arguments made at trial. *C.L. v. State*, 2012 Ark. App. 374. Because A.W. failed to raise the argument he now makes on appeal to the circuit court, we hold that it is not preserved for our review.

For his second point, A.W. argues that the statements he gave should be suppressed because he was not Mirandized and his parents were not present. Again, we hold that A.W.'s argument is not preserved for our review. A review of the record reveals that no motion to suppress was made prior to the hearing or during the State's case-in-chief; the issue was not raised until after the State had rested. This is not sufficient to preserve the issue for appeal. *See Reep v. State*, 2015 Ark. App. 662, 476 S.W.3d 210 (holding that suppression argument was not preserved when defendant did not make an oral motion until the State had rested); *Cole v. State*, 68 Ark. App. 294, 6 S.W.3d 805 (1999) (same). Likewise, Ark. Code Ann. § 9-27-325(f) (Repl. 2015) provides that, except as otherwise provided in the juvenile code, the Arkansas Rules of Criminal Procedure shall apply to delinquency proceedings, and Ark. R. Crim. P. 16.2 (2016) states that absent good cause, a motion to suppress shall be "timely filed but not later than ten days before the date set for the trial of the case," which did not occur here.

Affirmed.

KLAPPENBACH and WHITEAKER, JJ., agree.

*Lisa-Marie Norris*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Amanda Jegley*, Ass't Att'y Gen., for appellee.